**DEPARTMENT OF THE TREASURY, BUREAU OF ENGRAVING AND PRINTING, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 87–1192.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 2, 1988.
Decided Feb. 16, 1988.

Robert K. Rasmussen, Atty., Dept. of Justice, with whom Richard K. Willard, Asst. Atty. Gen., and William Kanter, Dept. of Justice, Washington, D.C., were on the brief for petitioner. Joseph E. diGenova, U.S. Atty., and Deborah Ruth Kant, Dept. of Justice, Washington, D.C., also entered appearances for petitioner.

Ruth E. Peters, Sol., Federal Labor Relations Authority, with whom William E. Persina, Deputy Sol., and Jill A. Griffin, Federal Labor Relations Authority, Washington, D.C., were on the brief for respondent.

Before MIKVA, GINSBURG and SILBERMAN, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The Department of the Treasury (DOT) seeks review of a Federal Labor Relations Authority (FLRA) order requiring DOT to bargain with the International Brotherhood of Electrical Workers, Local 121 (Union), as representative of a bargaining unit of electricians in the Bureau of Engraving and Printing, over a Union proposal concerning the wages of the electricians. The Union proposed that the wages of the electricians it represents "be kept aligned with the rates paid the comparable craft at the Government Printing Office." *International Brotherhood of Electrical Workers, Local 121 and Department of the Treasury*, 25 F.L.R.A. (No. 91) 1082, 1082 (1987). DOT refused to bargain over the proposal asserting that 5 U.S.C. § 5349(a), a section of the Prevailing Rate Act, which provides that

> [t]he pay of employees, described under section 5102(c)(7) of this title [undisputedly including the electricians in question] in ... the Bureau of Engraving and Printing ... shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates ... as the pay-fixing authority of each such agency may determine[,]

removes the pay of these workers from the obligation to bargain collectively imposed by the Federal Service Labor-Management Relations Statute (FSLMRS), 5 U.S.C. § 7102(2) (government employees may bargain over "conditions of employment"). The FLRA ruled that, because DOT has discretion under the Prevailing Rate Act prescription to determine what "consistent with the public interest" means, DOT must bargain over wages within this area of discretion.[*]

Very recently, the Third Circuit filed an opinion in *Department of the Navy v. FLRA*, 836 F.2d 1409 (3d Cir.1988), a case not rationally distinguishable from this one. In that case, a union representing civilian mariners sought to bargain with the Navy over wage proposals. The Navy argued that 5 U.S.C. § 5348, another section of the Prevailing Rate Act, which provides, in language nearly identical to section 5349, that

---

[*] We recently had occasion to reiterate our position on what *Chevron USA, Inc. v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), means in the context of an agency ruling entailing a law, such as the Prevailing Rate Act, which is not the agency's own organic statute. With reference to an FLRA interpretation of the Back Pay Act, a general statute, we stated:

> [T]he FLRA's interpretation is entitled to respect before this court, but we are not bound by its construction of the statute even if reasonable. [Citations omitted.] We are therefore called upon to engage in a de novo inter-

pretation of the statute, guided, of course, by Congressional intent.

*Professional Airways Sys. Specialists v. FLRA,* 809 F.2d 855, 857 n. 6 (D.C.Cir.1987). Third Circuit precedent, cited in our *Professional Airways* note, is to the same effect. *See New Jersey Air Nat'l Guard v. FLRA,* 677 F.2d 276, 281-82 n. 6 (3d Cir.), *cert. denied,* 459 U.S. 988, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982). *But see Department of Health & Human Servs. v. FLRA,* 833 F.2d 1129, 1135 (4th Cir.1987) (deferring to FLRA's interpretation of the Privacy Act and the Freedom of Information Act).

the pay of officers and members of crews of vessels excepted from chapter 51 of this title by section 5102(c)(8) of this title shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates and practices in the maritime industry[,]

renders civilian mariners' wages unbargainable under the FSLMRS. The Third Circuit, after examining incisively the language and legislative history of the Prevailing Rate Act and the FSLMRS, concluded that the FLRA erred in requiring the Navy to bargain over the wages of its civilian mariners.

The reasoning of the Third Circuit with regard to the Navy, civilian mariners, and 5 U.S.C. § 5348 fully applies to DOT, electricians in the Bureau of Engraving and Printing, and 5 U.S.C. § 5349. We find the Third Circuit's analysis of the statutory language and history entirely persuasive and we adopt that court's reasoning as our own. Accordingly, we grant the petition for review, reverse the decision of the FLRA, and deny enforcement of the FLRA's bargaining order.

*It is so ordered.*