**U.S. DEPARTMENT OF THE TREASURY, BUREAU OF ENGRAVING AND PRINTING, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

International Association of Machinists and Association of Machinists and Aerospace Workers, Franklin Lodge Local 2135, Intervenors.

No. 92–1125.

United States Court of Appeals, District of Columbia Circuit.

Argued April 30, 1993.

Decided June 18, 1993.

Howard S. Scher, Atty., U.S. Dept. of Justice, Washington, DC, argued the cause for petitioner. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., and William Kanter, Atty. U.S. Dept. of Justice, Washington, DC.

William E. Persina, Atty., Federal Labor Relations Authority, Washington, DC, argued the cause for respondent. With him on the brief was David M. Smith, Sol., Federal Labor Relations Authority, Washington, DC.

Before SILBERMAN, BUCKLEY and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

The Federal Service Labor Management Relations Statute gives federal employees the right to bargain collectively with government employer units over their "conditions of employment". 5 U.S.C. § 7102; accord 5 U.S.C. §§ 7103(a)(2) & (a)(12), 7114(a)(4). Matters "specifically provided for" by federal statute, however, are excepted from bargaining. 5 U.S.C. § 7103(a)(14)(C). We here address the Federal Labor Relations Authority's analysis of that exception as applied to the wages of so-called "prevailing rate" employees. Because the Authority has acted inconsistently with its own prior decisions, and has offered no intelligible explanation of its shift, we reverse and remand.

\* \* \* \* \* \*

In March 1991 unions representing six bargaining units at the Bureau of Engraving and Printing submitted a variety of negotiating proposals to the Bureau and announced that they sought to negotiate the "method by which wage rates of their respective crafts are set, adjusted and maintained insofar as permitted by law." The Bureau promptly responded that it would not bargain over the proposals, invoking both the "management rights" exception of 5 U.S.C. § 7106(a)(1) and the exception for matters "specifically provided for" by statute. The unions appealed to the FLRA, see 5 U.S.C. §§ 7105(a)(2)(E) & 7117(c), which found the unions' proposals negotiable. *International Ass'n of Machinists & Aerospace Workers, Franklin Lodge No. 2135, et al. v. U.S. Department of the Treasury, Bureau of Engraving & Printing* ("*FLRA Decision*"), 43 FLRA 1202 (1992). The Bureau now appeals to this court, see 5 U.S.C. § 7123(a) & (b), relying only on the "specifically provided for" exception.

The statute governing the wages of Bureau employees, 5 U.S.C. § 5349(a), uses a two-factor formula that looks to the "prevailing rates" of similar private-sector employees and to the demands of the "public interest":

> The pay of employees ... in [various agencies, including the Bureau of Engraving and Printing] *shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates* ... as the pay-fixing authority of each such agency may determine.

5 U.S.C. § 5349(a) (emphasis added).

In a recent case, *National Association of Government Employees, Local R4–26 and*

Department of the Air Force, Langley Air Force Base, Virginia ("Langley"), 40 FLRA 118 (1991), the Authority held that wages under a related section of the Prevailing Rate Systems Act, 5 U.S.C. § 5343, met the terms of the "specifically provided for" exception. That provision also states that:

> The pay of prevailing rate employees *shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates....*

5 U.S.C. § 5343(a) (emphasis added). The emphasized portions of the provisions are, obviously, identical. Citing a prior FLRA opinion, *American Federation of Government Employees, AFL–CIO and Department of Defense, Department of the Army and Air Force, Headquarters, Army and Air Force Exchange Service, Dallas, Texas ("Dallas"),* 32 FLRA 591, 599–600 (1988) (Member McKee, concurring), the Authority in *Langley* declared that "all aspects of pay-setting under the prevailing rate system are specifically provided for by law and, therefore, are excluded from the definition of conditions of employment under section 7103(a)(14)(C)." 40 FLRA at 141.

To come out as it did in the present case, therefore, the Authority had either to distinguish *Langley* and *Dallas* or to reject them and explain the rejection. See *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 852 (D.C.Cir.1970). It tried to distinguish the precedents, but its distinction does not add up.

The heart of the Authority's distinction was an assertion that § 5343 " 'fix[ed]' wages by prescribing ... the process of determining wages," 43 FLRA at 1215, whereas § 5349 left " 'fixing' to the Agency, within the general parameters of prevailing rates and [the] public interest." *Id.* Therefore, the Authority concluded, § 5349(a) gave the Bureau "broad discretion to establish and maintain wage rates." *Id.*

This treatment of § 5349(a) and § 5343 ignores the fact that both statutes direct the wage-setting agency, in identical language, to look to "prevailing rates" and the "public interest". Although § 5343 spells out more detail of the *process* by which a prevailing rate is to be determined, it does not appear that the detail in § 5343 is likely to affect the substantive determination of "prevailing rate" materially. Section 5343(a)(1)(A), for example, requires a definition of the boundaries of "local wage areas" for employees having "regular wage schedules" and a similar definition for those having "special wage schedules". One would suppose that whatever substantive factors render an employee "regular" or "special" for these purposes would similarly affect any calculation under § 5349(a).

Likewise, while it is perfectly true that the "public interest" criterion of § 5349 gives the agency considerable discretion to override the "prevailing rate" outcome, that discretion appears indistinguishable from the public interest discretion afforded by § 5343. In fact, the cases discussing public interest discretion under various prevailing rate statutes seem to cite each other more or less interchangeably. Thus, *Bradley v. United States,* 870 F.2d 1578, 1580 (Fed.Cir.1989), and *Archer v. United States,* 18 Cl.Ct. 603, 607 (1989), which the Authority invoked for the point that the public interest provision of § 5349 affords substantial discretion, both rely on *National Maritime Union v. United States,* 231 Ct.Cl. 59, 682 F.2d 944 (1982), a § 5348 case, and *Archer* relies as well on *Blaha v. United States,* 206 Ct.Cl. 183, 511 F.2d 1165 (1975), another § 5348 decision. Given the statutes' uniform and careful repetition of the language that we have quoted from §§ 5343 and 5349 (and which identically appears in § 5348), this interchangeability is hardly surprising. Thus there appears nothing in the public interest discretion under § 5349(a) that differs from that under § 5343. Given the apparent lack of a legally significant distinction here between the prevailing rate aspects of §§ 5349(a) and 5343, the Authority's effort to distinguish the two statutes from each other, and this case from *Langley* and *Dallas,* falls apart.

On remand, the Authority may of course wish to jettison *Langley* and *Dallas.* That prospect takes us to its brief references to *Fort Stewart Schools v. FLRA,* 495 U.S. 641, 110 S.Ct. 2043, 109 L.Ed.2d 659 (1990); see *FLRA Decision,* 43 FLRA at 1216–17. We

agree with the Authority insofar as it regarded *Fort Stewart* as implying that when a law confers relatively broad discretion on an agency to determine some aspect of employee pay, that aspect is not "specifically provided for" by statute and is accordingly outside § 7103(a)(14)(C)'s exception. See *Fort Stewart*, 495 U.S. at 649–50, 110 S.Ct. at 2048. As a consequence, insofar as the Third Circuit's decision in *Department of the Navy v. FLRA*, 836 F.2d 1409 (3d Cir.1988), stood for the proposition that § 7103(a)(14)(C) categorically removed *all* aspects of wage-setting from potential bargaining, see *id.* at 1418–19, it cannot survive. So too for our own decision in *Department of the Treasury, Bureau of Engraving and Printing v. FLRA*, 838 F.2d 1341 (D.C.Cir.1988), which followed *Department of the Navy*, so far as it relied on that view.

It does not, of course, follow that the scope of discretion under § 5349 is necessarily broad enough to take prevailing rate wage-setting out from the "specifically provided for" exception. The prevailing rate element appears to be more or less determinate, to some extent in contrast with the public interest factor. In *Blaha v. United States*, 206 Ct.Cl. 183, 511 F.2d 1165 (Ct.Cl.1975), for example, the court observed that the "'public interest' exception [in § 5348] was written to provide flexibility needed to eliminate anomalies and inequities that might arise from a too literal conformity to industry pay practices." *Id.* at 1170. The prevailing rate concept also is determinate enough to give rise to a monetary claim against the government under 28 U.S.C. § 1491; for example, in *Blaha*, the court awarded workers damages when an agency paid wages lower than the prevailing rate figure and failed adequately to explain the reduction it had applied pursuant to its public interest discretion. Thus the agency's range of choice in the prevailing rate phase of the calculation is clearly not as broad as that permitted by the statute at issue in *Fort Stewart*, which allowed the government employer freely to adjust teachers' wages and benefits so long as the *total* cost of educating students was equivalent to total per-pupil expenditures in the private sector. See *Fort Stewart*, 495 U.S. at 656, 110 S.Ct. at 2052.

The Authority may, however, after careful analysis of the public interest discretion under § 5349 (and, it appears, kindred statutes), conclude that because of that discretion the ultimate wage paid to Bureau employees is not "specifically provided for" by statute. (We would owe the Authority deference on its application of the § 7103(a)(14)(C) exception, *Fort Stewart*, 495 U.S. at 644–45, 110 S.Ct. at 2046, but *not* on its interpretation of § 5349(a), see *National Treasury Employees Union v. FLRA*, 848 F.2d 1273, 1275 (D.C.Cir.1988)). Assuming that the public interest discretion is broad enough to render § 7103(a)(14)(C) inapplicable to *that* phase of wage-setting under § 5349(a), it will remain for the Authority to mesh the bargainability of that phase—and thus its potential reference to the Federal Service Impasses Panel (see 5 U.S.C. § 7119(b)(1))—with the apparent exclusion of the initial determination of the prevailing rate itself.

\* \* \* \* \* \*

We reverse and remand the case to the FLRA for a more reasoned examination of its precedent and the statutory provisions at issue.

*So ordered.*